UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **PHILLIP B. JACKSON,** | § | |
| | § | |
| **Petitioner,** | § | |
| **v.** | § | **CIVIL ACTION V-06-90** |
| | § | |
| **NATHANIEL QUARTERMAN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Institutional Division,** | § | |
| | § | |
| **Respondent.** | § | |

## MEMORANDUM OPINION & ORDER

Phillip B. Jackson ("Jackson"),  an inmate of the Texas Department of Criminal Justice -

Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254  (Dkt. No. 1).  Respondent has filed a Motion for Summary Judgment

(Dkt. No. 12) to which Jackson has responded (Dkt. No. 14).   After considering the parties'

arguments and the applicable law, the Court is of the opinion that Respondent's motion should be

granted and that Jackson's petition should be denied.

### I. Factual Background

Jackson is incarcerated pursuant to a judgment and sentence of the 105th District Court of

Nueces County, Texas, in cause number 00-CR-2318-D, styled *The State of Texas v. Phillip*

*Jackson*. *Ex Parte Jackson*, Application No. 64,680-01 at 139.  In 2000, the State charged Jackson

with the felony offense of aggravated assault with a deadly weapon.  *Id.*  On September 11, 2000,

Jackson entered a plea of guilty to the felony offense pursuant to a plea bargain agreement.  Clerk's

Record as Delivered to the Court of Appeals for the Thirteenth District of Texas ("CR") at 23-36.

Following the plea agreement, on September 19, 2000, the trial court deferred an adjudication of

guilt and placed Jackson on probation for five years.  *Id.* at 48-51.  Jackson failed to appeal the

judgment placing him on deferred adjudication probation.

On January 14, 2003, the State became aware of Jackson's potential violations of the conditions of his probation.  *Id.* at 58.  The State subsequently filed its Original Motion to Revoke Probation, and after several amendments, on July 22, 2003, the cause proceeded on the State's Fourth Amended Motion to Revoke Probation.  *Id.* at 59-62, 69-72, 81-89 & 108-112.  On July 24, 2003, after hearing evidence and arguments, the trial court revoked Jackson's probation and sentenced him to twelve years confinement in the TDCJ-CID. *Id.* at 105-07.  Unlike the judgment placing him on deferred adjudication probation, Jackson appealed the judgment revoking his probation.  *See Jackson v. State*, slip op. No. 13-03-00495-CR (Tex. App.—Corpus Christ, Aug. 18, 2005).  On August 18, 2005, the Thirteenth Court of Appeals affirmed the trial court's revocation and judgment of incarceration.  *Id.*  Jackson did not file a petition for discretionary review regarding his appeal.  *See* Dkt. No. 12, Ex. A.

On February 14, 2006, Jackson filed an application for a state writ of habeas corpus, which the Texas Court of Criminal Appeals denied without written order on May 17, 2006.  *Ex Parte Jackson*, Application No. 64,680-01 at page after cover.  Approximately four months later, on September 7, 2006, Jackson filed the present federal habeas petition.[1]  Dkt. No. 1.

## II. Jackson's Claims and Allegations

In the instant habeas petition, the Court understands Jackson to raise the following

---

[1] The federal habeas petition indicates it was filed on August 4, 2006, the date Jackson reported he placed the petition in the prison mail system.  *See* Dkt. No. 1at 9; *Spotsville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (for the purposes of determining the applicability of the AEDPA, a federal habeas petition is considered filed the date it is placed in the prison mail system).  However, the Court's docket sheet reveals that the petition was not received until September 7, 2006.  *See* Dkt. No. 1.  Thus, it seems clear Jackson did not place his petition in the prison mail system on the date he reported because the Court did not receive it until over one month later.  Because Jackson has failed to explain this discrepancy, the Court will use September 7, 2006 as the date Jackson's petition was filed.  However, the Court notes that even if it were to adopt the August 4, 2006 date, its analysis and conclusions would not differ.

grounds upon which he claims to be entitled to relief:

1.      Jackson's trial counsel at the time of his guilty plea and placement on deferred adjudication
        was ineffective because he failed to: (a) prepare for a contested trial; (b) conduct a sufficient
        pretrial investigation; (c) oppose the State's pretrial motions; (d) challenge the affirmative
        finding that Jackson used a deadly weapon during the commission of the assault; (e)
        communicate adequately with Jackson; (f) request a lesser included offense; and (g)
        challenge the sufficiency of the evidence on the charge and the affirmative finding of a
        deadly weapon, all rendering his guilty plea unknowing and involuntary;[2]

2.      Jackson's attorney during the hearing surrounding the motion to revoke probation was
        ineffective for his failure to: (a) investigate the revocation allegations; (b) challenge the
        sufficiency of the evidence; (c) challenge the competency of children witnesses; and (d)
        challenge the evidence produced to support the allegations underlying the revocation;[3]

3.      Jackson's appellate counsel was ineffective because he failed to: (a) challenge the
        sufficiency of the evidence as a ground of error on appeal and (b) failed to notify Jackson
        that his direct appeal was denied in time for him to file a petition for discretionary review.

*See* Dkt. No. 1 at 7-8, "Memorandum of Law in Support of Petitioner's Federal Writ of Habeas

Corpus."

        The Court will consider the appropriateness of summary judgment as to each of Jackson's

claims.

### III. Respondent's Arguments

        Respondent contends that Jackson's claims which relate to his guilty plea and placement on

deferred adjudication are time-barred under 28 U.S.C. § 2244(d) because the guilty plea and

---

[2] As Respondent notes, based on Jackson's federal petition, it is difficult to identify which factual allegations of ineffective assistance Jackson ties to each legal claim of ineffective assistance. Similarly, it is difficult to determine whether Jackson asserts claims for relief outside of his ineffective assistance claims. However, to the extent Jackson maintains that (a) other attorney deficiencies deprived him of effective counsel at the guilty plea stage, or (b) independent of his attorney's deficient performance, the trial court lacked sufficient evidence or otherwise erred in making the affirmative finding that Jackson used a deadly weapon during the commission of the assault, Jackson's claims suffer from the limitations bar discussed below.

[3] As with Jackson's allegations surrounding the guilty plea and judgment placing him on deferred adjudication, it is difficult to tell whether Jackson asserts grounds for relief outside of the ineffective assistance context concerning the revocation proceeding. However, to the extent the Court could read Jackson's challenges as being asserted apart from his ineffective assistance claims, such challenges would fail for the same reasons as his ineffective assistance claims regarding the revocation hearing analyzed below.

resulting judgment were entered in 2000.  Respondent further argues that the allegations surrounding

Jackson's revocation hearing and appeal, at best, amount to harmless error.

### IV. Legal Standards

This petition is governed by applicable provisions of the Antiterrorism and Effective Death

Penalty Act of 1996 ("AEDPA").  The intent of the AEDPA is to prevent federal habeas "retrials"

and to ensure that state court convictions are given effect to the extent possible under the law, *Bell*

*v. Cone*, 535 U.S. 685, 692 (2002), by limiting the scope of collateral review and raising the standard

for federal habeas relief.  *Robertson v. Cain*, 324 F.3d 297, 306 (5th Cir. 2003).

Under the AEDPA, federal relief cannot be granted on claims adjudicated on the merits in

state court unless the state adjudication was (1) contrary to clearly established federal law as

determined by the Supreme Court, or (2) involved an unreasonable application of clearly established

federal law as determined by the Supreme Court.  *Williams v. Taylor,* 529 U.S. 362, 404 (2000)

(citing 28 U.S.C. §§ 2254(d)(1) and (2)).  A state court decision is contrary to federal precedent if

it applies a rule that contradicts the governing law set forth by the Supreme Court or if it confronts

a set of facts that are materially indistinguishable from a Supreme Court decision and arrives at a

result different from the Court's precedent.  *Early v. Packer*, 537 U.S. 3, 8 (2002).  A state court

unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to

the facts of a particular case, or unreasonably extends a legal principle from Supreme Court

precedent to a new context where it should not apply, or unreasonably refuses to extend that

principle to a new context where it should apply.  *Williams,* 529 U.S. at 406-13.  In deciding whether

a state court's application was unreasonable, this court considers whether the application was

objectively unreasonable.  *Id.* at 409

The AEDPA affords deference to a state court's resolution of factual issues.  Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding.  *Miller-El v. Cockrell*, 537 U.S. 322, 399 (2003).  A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Miller-El*, 537 U.S. at 330.

These standards will be applied to the pending summary judgment motion.

### V. Analysis

**1.     Statute of Limitations - Challenges Relating to the 2000 Guilty Plea Hearing and Placement on Deferred Adjudication**

Under the AEDPA, federal habeas petitions which challenge state court judgments are subject to a one-year limitations period pursuant to 28 U.S.C. § 2244(d), which provides as follows:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

5

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Jackson's challenges to his guilty plea hearing and September 19, 2000 judgment placing him on deferred adjudication are clearly time-barred. Applying the AEDPA's statute of limitations to the facts in this case reveals that Jackson's time to file his federal habeas petition as to challenges concerning his guilty plea and September 19, 2000 judgment began no later than October 20, 2000, one day after the expiration of the time for Jackson to seek direct review of his September 19, 2000 judgment. *See Caldwell v. Dretke*,[4] 429 F.3d 521, 528-30 (5th Cir. 2005) (orders of deferred adjudication probation following a guilty plea are considered final judgments upon the expiration of the time for seeking direct review for purposes of § 2244(d)(1)(A)); TEX. R. APP. P. 26.2(a)(1) (West 2003) (defendants must file a notice of appeal "within 30 days after the day sentence is imposed or suspended in open court"). Thus, Jackson had until October 19, 2001 to timely file his habeas petition. 28 U.S.C. § 2244(d). Jackson failed to file the instant federal habeas petition until September 2006, nearly five years removed from the statutory deadline. Jackson's habeas petition is therefore time-barred unless he can show that the limitations period was tolled either by statute

---

[4] Jackson argues that his claims surrounding his guilty plea and September 19, 2000 judgment should not be considered time-barred because *Caldwell v. Dretke*, which was decided years after the trial court entered its order placing Jackson of deferred adjudication, should not apply to this action. Dkt. No. 14 at 1; *Caldwell*, 429 F.3d at 521. However, Jackson's argument misses the mark as the Fifth Circuit's holding in *Caldwell* is not the sort that is barred by ex post facto jurisprudence or the retroactivity doctrine laid down by *Teague v. Lane*, 489 U.S. 288 (1989). *Caldwell* neither changed the legal consequences of any act nor created a new rule of criminal procedure. *Caldwell* merely interpreted the finality provided by section 2244(d)(1)(A) in the context of guilty pleas and orders of deferred adjudication. *Caldwell*, 429 F.3d at 530 ("an order of deferred adjudication community supervision is a final judgment within the plain meaning of AEDPA section 2244"). Moreover, numerous courts in this circuit have applied the *Caldwell* rule to out-of-time habeas petitions challenging an order of deferred adjudication when the order was entered before *Caldwell* was decided. *See, e.g.*, *Brown v. Quarterman*, No. 3:07-CV-0130-N, 2007 WL 3145065, at *4 (N.D. Tex. Oct. 26, 2007) (applying *Caldwell* in nearly identical circumstances as those found here); *Howington v. Dretke*, No. Civ. A. 3:03-CV-0052P, 2006 WL 739911, at *1 (N.D. Tex. March 23, 2006) (same); *Foy v. Quarterman*, CA No. H-06-2642, 2006 WL 2935192, at *3 (S.D. Tex. Oct. 13, 2006) (same).

as set forth in 28 U.S.C. § 2244(d) or under principles of equity.  Jackson neither asserts, nor can the Court otherwise identify, anything in his petition that supports extending the applicable limitations period.  Because Jackson does not satisfy any of the exceptions to the AEDPA's statute of limitations, the portion of his habeas petition challenging his guilty plea and judgment placing him on deferred adjudication is hereby dismissed as time-barred.

**2.      Ineffective Assistance of Counsel - Challenges Relating to the Revocation Hearing and Appeal**

    **A.      Ineffective Assistance Standard of Review**

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court laid out the basic framework for evaluating ineffective assistance of counsel claims.  To succeed on an ineffective assistance claim a petitioner must make two showings.  First, he must demonstrate that his lawyer's performance was so derelict that "counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687.  Then he must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.  The Court elaborated on this standard in *Lockhart v. Fretwell*, 506 U.S. 364 (1993), holding that, "[u]nreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him," even if the outcome of the trial might have been different but for counsel's errors. *Id.* at 372.  The *Strickland* test is equally applicable in the appeals context. *Smith v. Robbins*, 528 U.S. 259, 285 (2000).  However, in the appeals context, the second prong of the *Strickland* test is addressed to whether or not a defendant would have prevailed on his appeal. *Id.*

Because conducting a trial is an art, not a science, the courts indulge a heavy presumption

7

"that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.  In addition, reviewing courts must make every effort to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.*  In noncapital cases this standard requires a habeas petitioner to make a showing of "significant prejudice." *Armstead v. Scott*, 37 F.3d 202, 207 (5th Cir. 1994) (quoting *Spriggs v. Collins*, 993 F.2d 85, 88, n.4 (5th Cir. 1993)).

### B.    Application of the Standard to the Revocation Hearing

Jackson claims that his probation was revoked because of the ineffective assistance of his revocation hearing counsel.  Jackson maintains that his attorney's performance was constitutionally ineffective because he did not challenge the sufficiency of the evidence, the competency of children witnesses or the evidence produced to support the allegations underlying the revocation.  These accusations essentially contest the sufficiency of the evidence regarding some or all of the allegations underlying the revocation of Jackson's probation.[5]

In seeking to revoke Jackson's probation, the State alleged Jackson violated eleven terms of the conditions of his probation.  The eleven terms and alleged violations thereof were as follows:

1.    Commit no violation of law—the State alleged that on 2/16/03, Jackson assaulted his wife and possessed a controlled substance.

2.    Commit no violation of law—the State alleged that on 2/17/03, Jackson violated a

---

[5] Jackson's other claim of constitutionally deficient counsel—that his revocation hearing attorney was ineffective because he failed to investigate the revocation allegations—is merely conclusory and thus clearly fails to prove deficient performance or prejudice.  *See Ross v. Estelle*, 964 F.2d 1008, 1011 (5th Cir. 1984) (conclusory allegations will not support contentions of ineffective assistance of counsel); *see also United States v. Green*, 882 F.3d 999, 1002 (5th Cir. 1989) (a petitioner claiming ineffective assistance must state with specificity what a supposedly proper investigation would have uncovered and how such information would have altered the outcome of the proceeding).

protective order.

3.     Commit no violation of law—the State alleged that on 3/5/03, Jackson violated a protective order.

4.     Commit no violation of law—the State alleged that on 3/20/03, Jackson violated a protective order.

5.     Avoid person or place of disrepute—the State alleged that on 2/16/03, Jackson admitted to being at a bar.

6.     Do not use alcohol or narcotics and submit to urinalysis—the State alleged that on 1/4/03, Jackson failed to report for urinalysis.

7.     Do not use alcohol or narcotics—the State alleged that on 2/24/03, minor children reported Jackson used narcotics and were exposed to same in his house.

8.     Do not use alcohol or narcotics—the State alleged that on 2/13/03, Jackson's wife reported that Jackson used narcotics.

9.     Pay supervision fees each month—the State alleged Jackson was $40.00 in arrears.

10.     Complete 300 hours of community service—the State alleged Jackson was 300 hours in arrears.

11.     Observe curfew from 9:00 p.m. to 6:00 a.m. for 60 months—the State alleged that on 2/05/03, Jackson was absent from his residence for a curfew check.

CR at 110-11.

As Respondent points out, it has long been the law of this circuit that when one valid ground to justify revocation exists, possible error in the examination of other grounds is harmless and need not be considered. *See United States v. Brown*, 656 F.2d 1204, 1207 (5th Cir. 1981); *Spamm v. Wainwright*, 431 F.2d 482, 482 (5th Cir. 1970).  Indeed, "[w]here there is an adequate basis for the district court's discretionary action of revoking probation, the reviewing court need not decide a claim of error as to other grounds that had been advanced as a cause of revocation." *Unites States v. Turner*, 741 F.2d 696, 698 (5th Cir. 1984); *see also United States v. Irving*, 820 F.2d 110, 111 (5th

9

Cir. 1987) ("All that is required for the revocation of probation is enough evidence to satisfy the district judge that the conduct of the petitioner has not met the conditions of probation.") (quoting *Turner*, 741 F.2d at 698).  Texas state courts are in accord with such reasoning.  *See Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. 1980) (upholding a trial court's decision to revoke probation because there was one sufficient ground for revocation, the failure to report to the probation officer); *Hilts v. State*, 476 S.W.2d 283, 284-85 (Tex. Crim. App. 1972) (finding that a court did not abuse its discretion by revoking probation on numerous grounds because, even though certain grounds for the revocation may have been judged in error, the defendant violated a different condition of his probation).

Although Jackson pleaded "not true" to each alleged violation, he admitted at the revocation hearing that he violated some of the conditions of his probation. CR at 110-11; Reporter's Record, Motion to Revoke ("RR-MTR"), Vol. 2 at 4-7.  To wit, Jackson admitted that he failed to pay supervision fees on time and was in arrears and that he did not report as ordered for a urinalysis. *See* RR-MTR, Vol. 3 at 32 (Jackson testifying that he did not make several supervision payments); RR-MTR, Vol. 4 at 15-16 (counsel admitting in his closing argument that Jackson was delinquent regarding his supervision fees); RR-MTR, Vol. 3 at 21-26 (Jackson testifying that he failed to report as ordered for a urinalysis); RR-MTR, Vol. 4 at 13 (counsel admitting during his closing argument that the State proved Jackson did not report for a urinalysis as ordered).  Jackson thus admitted he violated certain conditions of his probation and the revocation hearing judge explicitly found as such. RR-MTR, Vol. 4 at 31.  With Jackson's admissions and the revocation judge's findings in mind, any error with regard to the other allegations was harmless.  Therefore, Jackson has not established the prejudice prong of the *Strickland* analysis—that but for his attorney's failure to

10

challenge the sufficiency of the evidence regarding the non-admitted allegations, the result of the revocation hearing would have been different.

Moreover, where, as here, the highest court of the state has reviewed and denied Jackson's allegations, this Court will only grant federal habeas relief if it can be shown that the adjudication of those allegations were (1) contrary to clearly established federal law as determined by the Supreme Court, or (2) involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Williams v. Taylor,* 529 U.S. 362, 404 (2000) (citing 28 U.S.C. §§ 2254(d)(1) and (2)).  Because state habeas relief was denied without opinion, the Court "assumes that the state court applied the proper 'clearly established Federal law'. . . ." *Schaetzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003).  In the context of an ineffective assistance of counsel claim, that clearly established law is the analysis set forth in *Strickland*.  Therefore, the Court will assume that the Texas court applied the *Strickland* analysis and found either that Jackson's counsel was not deficient or that Jackson was not prejudiced by his counsel's performance.  Jackson has presented no evidence in his petition that could lead the Court to conclude that the state court unreasonably applied the standards set forth in *Strickland* or unreasonably interpreted the facts set forth in the application for state writ.  Therefore, the Court finds that Jackson has failed to meet his burden of proof and summary judgment is warranted as to his ineffective assistance of counsel claim.

**C.      Application of the Standard to the Appeal**

Jackson claims that his appellate counsel was ineffective because he did not challenge the sufficiency of the evidence at the revocation hearing on appeal and failed to notify Jackson that his direct appeal was denied in time for him to file a petition for discretionary review.

Like Jackson's sufficiency of the evidence arguments above, Jackson's contention that his

appellate counsel was ineffective because he did not challenge the sufficiency of the evidence at the revocation hearing on appeal fails because Jackson has failed to prove the prejudice prong of *Strickland*.  Because the trial court had sufficient grounds on which to base its revocation, raising Jackson's claim on direct appeal would not have resulted in a different result.  Therefore, there is no showing of prejudice and Jackson's claim fails.

Jackson also argues that his appellate counsel was ineffective for failing to timely notify him of the denial of his appeal, thereby denying him the right to file a petition for discretionary review. However, Jackson has no constitutional right to an attorney's services in seeking or presenting a petition for discretionary review.  *Wainwright v. Torna*, 455 U.S. 586, 587 (1982) ("a criminal defendant does not have a constitutional right to counsel to pursue discretionary state appeals or applications for review in this Court"); *Ayala v. State*, 633 S.W.2d 526, 528 (Tex. Crim. App. 1982) ("the Fourteenth Amendment does not require that indigent appellants be provided with the services of counsel in seeking discretionary review in this court . . . appellants are not deprived of the effective assistance of counsel if appointed counsel fails to file a petition for discretionary review"). Therefore, Jackson is not entitled to relief regardless of whether his appellate counsel hampered his filing of a petition for discretionary review because no constitutional right to an attorney's services on such appeals exists.

Moreover, like Jackson's arguments above, the Texas Court of Criminal Appeals previously denied Jackson's habeas petition after considering his allegations.  This Court again finds nothing in Jackson's petition that could lead the Court to conclude that the state court unreasonably applied the applicable legal standards or unreasonably interpreted the facts set forth in the application for state writ.  Summary judgment is thus warranted as to Jackson's claims.

## VI. Certificate of Appealability

Under 28 U.S.C. § 2253, Jackson needs to obtain a certificate of appealability before he can appeal the dismissal of his petition.  A certificate of appealability may be issued only if Jackson makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(B)(2); *Williams v. Puckett*, 283 F.3d 272, 276  (5th Cir. 2002).  To make such a showing, Jackson must demonstrate that reasonable jurists could disagree on the issues at bar, that a court could resolve the issues in a different manner or that the questions are adequate to deserve encouragement to proceed further. *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir. 1998); *see also Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004).  For the reasons stated in this Order, Jackson has not made a substantial showing of the denial of a constitutional right or that reasonable jurists would find the Court's rulings to be debatable. *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996).  Therefore, the Court denies the issuance of a certificate of appealability in this action.

## VII. Conclusion

The Court **ORDERS** the following:

1.      Respondent's Motion for Summary Judgment (Dkt. No. 12) is **GRANTED**.

2.      This action is **DISMISSED**.

3.      A certificate of appealability is **DENIED**.

**SIGNED** this 4th day of February, 2008.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE